```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :    SEALED INDICTMENT
                                 :
           - v. -                :    20 Cr.
                                 :
EARL INGARFIELD,                 :    20 CRIM 146
                                 :
           Defendant.            :
                                 :
- - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

1. From at least in or about 2013 through at least in or about March 2014, in the Southern District of New York and elsewhere, EARL INGARFIELD, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

2. It was a part and object of the conspiracy that EARL INGARFIELD, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, would and did use and employ, in connection with the

purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

## Overt Acts

3.   In furtherance of the conspiracy and to effect the illegal object thereof, EARL INGARFIELD, the defendant, and others known and known, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

  a.   On or about May 11, 2013, INGARFIELD exchanged at least two emails with a co-conspirator not named as a defendant herein ("CC-1") regarding the acquisition of two Belize international business companies (together, the "IBCs"), both of which were shell companies.

  b.   On or about October 15, 2013, INGARFIELD caused a disclosure statement to be publically filed on behalf of

2

Suburban Minerals Corp. ("SUBB"), which purported to be a mining company and which traded under the symbol SUBB. The disclosure statement was materially false in that it failed to identify INGARFIELD as a control person of SUBB or as a beneficial owner of more than 10% of any class of SUBB's shares.

c. On or about November 25, 2013, INGARFIELD wrote an email to CC-1 instructing CC-1 that investment accounts needed to be "opened ASAP" for the IBCs "as everything is pre approved on SUBB."

d. On or about January 7, 2014, INGARFIELD caused a press release to be publicly issued by SUBB that was materially false in that it stated that SUBB had signed a letter of intent to acquire a producing diamond mine in the Central African Republic.

e. In or about February 2014, INGARFIELD directed an individual not named as a defendant herein ("Individual-1") to attend a meeting in Manhattan regarding the closing of the purported acquisition of the purported diamond mine, and Individual-1 did then attend that meeting in Manhattan.

f. On or about February 14, 2014, proceeds from sales of SUBB were wired through a bank located in the Southern District of New York to an account whose beneficial owner was a shell company controlled by INGARFIELD.

(Title 18, United States Code, Section 371.)

3

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

4. The allegations set forth in paragraph 3 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

5. From at least in or about 2013 through at least in or about March 2014, in the Southern District of New York and elsewhere, EARL INGARFIELD, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, INGARFIELD engaged in a scheme to manipulate SUBB's stock price, including by causing fraudulent misrepresentations and material omissions to be made in press releases and public disclosure documents

that were issued by SUBB.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

### FORFEITURE ALLEGATION

6.  As a result of committing the offenses alleged in Counts One and Two of this Indictment, EARL INGARFIELD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
     Title 21, United States Code, Section 853; and
       Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
GEOFFREY S. BERMAN  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

v.

**EARL INGARFIELD,**

Defendant.

### INDICTMENT

20 Cr.

(15 U.S.C. §§ 78j(b) and 78ff;
17 C.F.R. § 240.10b-5;
18 U.S.C. §§ 371 and 2.)

GEOFFREY S. BERMAN
United States Attorney

*/s/ Tracy Mitchell*
Foreperson