UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

EARL INGARFIELD,

Defendant.

20-cr-146

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Defendant Earl Ingarfield filed a Motion for Early Termination of his supervised release, see ECF No. 138, which the Government opposes, see ECF No. 140. The motion is denied.

Defendant pleaded guilty to conspiracy to commit securities fraud. He was sentenced to 30 months prison and two years of supervised release, with three special conditions requiring defendant to disclose financial information and limiting his ability to open new lines of credit. Additionally, the defendant was ordered to pay a $100.00 special assessment, pay $1,804,378 in restitution, and forfeit $1,418,473 to the United States. See ECF No. 131. Defendant completed his custodial sentence on August 29, 2025 and has been on supervised release in Houston, Texas, since.

"The court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release . . . at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal

Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Thus, district courts may terminate supervised release early if the "defendant has served at least one year of his supervised release and his conduct and the interests of justice so require." U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (quoting U.S. v. Truss, 4 F.3d 437, 438-39 (6th Cir. 1993).

However, "[e]arly termination of probation is not warranted as a matter of course." United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (citation modified). Instead, "[o]ccasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3353(a)." Lussier, 104 F.3d at 36.

Defendant argues that the sentencing factors in § 3553(a) and the "interest of justice" favors early termination because defendant is 67 years old, was a first time offender of a non-violent crime, has served his custodial sentence and first year of supervised release without any incident, has paid restitution on

schedule, and "affirmatively commits" that he will continue paying restitution.

Defendant's argument essentially comes down to arguing that early termination is in the interest of justice because so far he has served his sentence without incident. While the Court appreciates defendant's compliance, a defendant serving their sentence without incident is what the law expects of every defendant. That alone cannot justify early termination. See United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); United States v. Gonzales, 94-cr-134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) (same). Defendant does not point to anything else materially warranting early termination.

For the foregoing reasons, defendant's motion is hereby denied. The Clerk of Court is respectfully directed to close the motion at ECF No. 138.

SO ORDERED.

New York, NY

September 17, 2026

JED S. RAKOFF, U.S.D.J.